UNIITED STATES DISTRICT COURT

FOR THE FIRST CIRCUIT OF MASSACHUSETTS

BOSTON DIVISION

DOCKET NO. 1:20-CV-10445-IT

Massachusetts Board of Bar Overseers

                    Complainant,

v.

Lisa Siegel Belanger, Esq.,

                    Respondent

MOTION & MEMORANDUM OF LAW TO STRIKE &
QUASH COMPLAINANT'S MOTION TO REMAND

Now comes Respondent Attorney Lisa Siegel Belanger (herein
referred as "undersigned counsel" and moves this Court, pursuant
to Local Rules 1.3 and 7.1(2) to strike and quash—with
prejudice—Complainant's invalid filing of March 13, 2020 seeking
to return this matter to the Suffolk County of the Supreme
Judicial Court.  The grounds for Respondent's motion to strike
and quash are set forth as follows:

1.   Local Rule 7.1(2) states:

     No motion shall be filed unless counsel certify that
     they have conferred and have attempted in good faith
     to resolve or narrow the issue.

2.   **Complainants General Counsel Joseph S. Berman and
Assistant General Counsel Merle Haas** have openly and
unequivocally stated in writing that they *deliberately and with*

1

*reckless disregard* for Local Rule 7.1(2) violated the well and long-established mandated requirement that a party must confer with opposing counsel/party *prior* to filing any *motion* and that the filing party submit a certified statement that he/she, at the very least, did in fact attempt to confer with opposing counsel/party.  Refer to **Exhibit 1** (Copy of email correspondence dated March 23, 2020).

3.  By email, on March 23, 2020 at approximately 10:30 A.M., Respondent undersigned counsel, followed the above-specified mandated rule regarding required conferring with opposing counsel regarding Respondent's intended filing to strike and quash Complainant's motion for remand, wherein Respondent undersigned counsel stated:

> I intend to file a motion to quash/strike your motion for remand for your having violated Local Rule 7.1(2), which unequivocally required you to have conferred with me PRIOR to your filing--as well as a filed certificate of a supposed conference.
>
> Local Rule 7.1(2) states that counsel must comply with said rule as follows:
>
> (2) Motion Practice. No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue.
>
> To confirm,  you overtly disregarded Local Rule 7.1(2) by failing to attempt any manner to communicate with me about your intent to file a motion for remand--which explains why you failed to comply with the needed Certificate of Compliance of conference as required by the rules to even be able to file said motion.
>
> Please let me know promptly if you will be filing a voluntary withdrawal of your motion to remand.  Thank you for your assistance in this matter.

4.   Given the clear-cut issue articulated by Respondent undersigned counsel in the above set forth communication, due to **Complainant Board General Counsel Joseph S. Berman's and Assistant General Counsel Merle Haas's** silence, at approximately 2:10 P.M., Respondent undersigned counsel followed-up with the following email communication:

> Counsel,
>
> Just so there is no confusion or misunderstanding--if you intend to file any pleading in response to my first email sent today (March 23, 2020)--that requires you to still confer with me PRIOR to any such filing.  To confirm, should you contemplate ignoring this email and if you do not email me independently and separate to any intended new filing on your part that *too* would be a violation of Local Rule 7.1(2)--which would compound your original filing violation of March 13, 2020.
>
> LSB

5.   At approximately 3:58 P.M., **Complainant Board Assistant General Counsel Merle Hass,** on her behalf and that of **General Counsel Joseph Berman,** she responded by stating:

> Counsel:
>
> You are correct that we did not seek to confer with you before filing our Motion to Remand.
>
> We will file a new Motion to Remand.
>
> Please let us know if you will assent to the motion to remand or if you have suggestions to narrow the issues.  If we don't hear from you by the close of business tomorrow, March 24, 2020, we will assume you don't assent.

Thank you.

Sincerely,

Merle Hass


6.    Local Rule 1.3 (Sanctions) state failure to comply with *any* obligations set forth in the Local Rules for the District of Massachusetts may result in appropriate sanctions.

7.    In this Court's determination of an appropriate sanction (which Respondent undersigned counsel's requested sanction of striking and quashing—with prejudice—Complainant Board's motion for remand), "the choice of an appropriate sanction must be handled on a case-by-case basis."  <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43, 46 (2002).

8.    Respondent undersigned counsel's motion for sanctions in the manner of striking and quashing with prejudice is not only justifiable, it is necessitated where:

- In the set forth email communications (Exhibit 1), there is a loud absence of any claim with regard to inadvertence or mistake on behalf of **Assistant General Counsel Merle Haas** and **General Counsel Joseph Berman**; Complainant Board proffers no legitimate excuse for violating Rule 7.1(2). *See* <u>Benitez-Garcia v. Gonzalez-</u>

4

Vega, 468 F.3d 1 (1st Cir. 2006).  Such lack of
legitimate excuse is exacerbated by Complainant Board
having been afforded the opportunity to explain its
deviation from the well and long-established mandate
set forth by the United States District Court for
Massachusetts—Complainant Board adamantly chose not to
(See Tower Ventures, Inc. v. City of Westfield, supra
at 46-47);

- **Assistant General Counsel Merle Haas's** and **General
  Counsel Joseph Berman's** statements in the provided
  email (Exhibit 1) unequivocally constitutes an
  outright admission of an intentional violation of Rule
  7.1(2);

- the reply made by **Assistant General Counsel Merle Haas**
  and adopted by **General Counsel Joseph Berman**: "You are
  correct that we did not seek to confer with you before
  filing our Motion to Remand" evidences a purposeful,
  deliberate, calculated and above-the-law attitude.

- Other continuous bad faith conduct attributed to
  Complainant Board entails involve Bar Counsel filing a
  pleading in the matter of BD-2020-0013 captioned: Bar
  Counsel's Opposition to Removal cCopy provided as

**Exhibit 3**) *AFTER* Respondent undersigned had served the Supreme Judicial Court and opposing counsel this Court's certification for removal. (See **Exhibit 2,** copy of certification from the United States District Court for Massachusetts). Also provided is the electronic docket for BD-2020-0013 as of March 24, 2020 as **Exhibit 4**.

9. In <u>Hall v. Gonfrade et al</u>, 36 F.3d 1089 (1994) (unpublished opinion—copy provided as Appendix 1), the First Court of Appeals emphasized that a litigant's "pro se status does not absolve him from compliance with the Federal Rules of Procedure". Given the **Complainant Board of Bar Overseers'** particular self-designated role as rule enforcer over all Massachusetts attorneys, it is, therefore, axiomatic that not only do the rules apply to Complainant Board of Bar Overseers, Complainant Board should be held *to an even higher standard.*

10. Further compelling the necessitated sanction of striking and quashing with prejudice of Complainant Board's motion for remand is the compounded continuous and repeated bad faith bullying conduct manifested by Complainant Board via **Assistant General Counsel Merle Haas's** and **General Counsel Joseph Berman's** because of Respondent undersigned counsel's

proper, reasonable and lawful exercise of the law.
Specifically, prior to Respondent undersigned counsel's
realization of the above-described violations committed by
**Assistant General Counsel Merle Haas** and **General Counsel Joseph
Berman** on behalf of Complainant Board, Respondent undersigned
counsel emailed a request to confer with Complainant Board on
Friday, March 20, 2020, about assenting to an enlargement of
time due to Respondent undersigned counsel's documented illness.
Respondent undersigned counsel emailed Complainant Board
stating:

> Counsel:
>
> I will be filing a motion in the above-specified action requesting the court to enlarge the
> time for my filing an opposition to your motions to remand.
>
> Please be advised that prior to your filed motion, I had come down ill [with] a head/chest
> cold--which I am still ill from and has worsened since its inception but remains status
> quo.  I have documentation substantiating the timing and seriousness of my illness--
> should you need it.  Today (Friday, March 20, 2020), my doctor informed that due to the
> shortage of COVID-19 tests that such testing was not available--that I should remain in
> touch with him.
>
> As I have referenced above, due to the nature of my illness (heavy head and bronchial
> congestion), it has hindered my ability to timely file an opposition to your motion.
>
> I am requesting your assent to a 30-day extension to file my opposition particularly
> because my symptoms have not in any manner improved, thereby my needing recovery
> time--which is obviously uncertain.  (Also, as you know, my situation is compounded by
> my underlying cardiac condition which you are aware of from prior proceedings).
>
> Thank you for your prompt attention in this matter.
>
> LSB

See **Exhibit 5** (email correspondence of March 20, 2020).

11.  Self-evident is exhibited bad faith motives embedded in **Assistant General Counsel Merle Haas** and **General Counsel Joseph Berman** wherein they replied on the same day (Friday, March 20, 2020) stating:

> Attorney Belanger:
>
> We do not assent to your request for an enlargement of time.
>
> If you file such a motion, we will oppose it on the grounds that we believe your removal attempt is frivolous; your papers were filed in bad faith; and your actions are a transparent attempt to postpone the SJC's review of your disciplinary matter, scheduled for April 22, 2020. We object to any extension of time that will enable you to further pursue this meritless removal.
>
> Sincerely,
>
> Merle Hass

12.  The sanction of striking and quashing with prejudice Complainant Board's motion to remand is necessary in the interest of public policy.  If this Court were to allow Complainant Board to simply be able to re-file its motion to remand such conduct would overwhelmingly convey and confirm to the already commonly-known and well-established justified mistrust by the public regarding the judicial system as a whole. For this Court to do anything other than what Respondent undersigned counsel has requested for imposition of a sanction, that would appear to condone a two-tiered system of justice.

WHEREFORE, the above-described conduct by Complainant Board—specifically via **Assistant General Counsel Merle Haas** and **General Counsel Joseph Berman** reinforces and substantiates the merit of Respondent undersigned counsel's removal of BD-2020-0013 to this Court based on lawless retaliation By Complainant Board et al for Respondent undersigned counsel being a whistleblower exposing grave misconduct by specified attorneys and judges. For all the above foregoing reasons, Respondent undersigned counsel moves that Respondent's motion to strike and quash—with prejudice—of Complainant Board's motion for remand be **GRANTED**.

Respectfully submitted,

/s/ Lisa Siegel Belanger

_____
Lisa Siegel Belanger, Esq.
BBO 633060
300 Andover Street, No. 194
Peabody, MA  01960
Tel. 978.998.2342
lisa@belangerlawoffice.com

Date: March 24, 2020

**AFFIDAVIT OF COUNSEL**

I, Lisa Siegel Belanger, Esq., on my oath, depose and state that to best of my knowledge that the facts set forth in Respondent's motion to strike & quash are true and accurate.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY

/s/ Lisa Siegel Belanger
_____
Lisa Siegel Belanger

Date: March 24, 2020

**CERTIFICATE OF SERVICE & LOCAL RULE 7.1(2)**

I, Lisa Siegel Belanger, Esq., hereby certify that I have conferred pursuant to Rule 7.1(2) regarding this Motion to Strike & Quash and that this motion is filed through the ECF system sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Lisa Siegel Belanger
_____
Lisa Siegel Belanger

Date: March 24, 2020