UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS BOARD OF BAR OVERSEERS, | * * * | |
| Complainant, | * * | |
| v. | * * | Civil Action No. 1:20-cv-10445-IT |
| LISA SIEGEL BELANGER, ESQ., | * * | |
| Respondent. | * | |

MEMORANDUM AND ORDER
April 10, 2020

TALWANI, D.J.

I.   Introduction

On an appeal from a hearing committee, the Massachusetts Board of Bar Overseers ("BBO") issued a Board Memorandum affirming the hearing committee's recommendation that Attorney Lisa Siegel Belanger be suspended from the practice of law for two years. See Information [#1-3]. Pursuant to S.J.C. Rule 4:01 §8(6), which requires review by the Supreme Judicial Court ("SJC") of any recommendations of suspension or disbarment, the Board filed an Information with the SJC. Information [#1-3]; see also Exhibits Part 1 ("Case Docket") 3 [#1-4]. Belanger removed that disciplinary action to this court, asserting that the action is a "civil proceeding" that "involves questions of federal constitutional law and statutes." Notice of Removal 4 [#1]. Now before the court is the BBO's Motion to Remand to the State Court ("Motion to Remand") [#5] and Belanger's Motion and Memorandum of Law to Strike and Quash Complainant's Motion to Remand ("Motion to Quash") [#6]. For the following reasons, Belanger's Motion to Quash [#6] is DENIED and the BBO's Motion to Remand [#5] is GRANTED.

II.     Motion to Quash

Belanger argues that the BBO failed to comply with Local Rule 7.1(a) and the court should therefore deny the Motion to Remand [#5] with prejudice. Motion to Quash [#6]. Rule 7.1(a)(2) requires counsel to certify "that they have conferred and have attempted in good faith to resolve or narrow the issue" prior to filing a motion. The BBO filed a certificate the day following Belanger's filing of the Motion to Quash, certifying that counsel had conferred after filing the BBO's motion but had not been able to resolve or narrow the issue. See Certificate of Compliance with Local Rule 7.1(a)(2) [#7]. The court finds that BBO's counsel's explanation[1] for not conferring prior to filing the motion negates any inference of bad faith. The court finds further that the failure to confer prior to filing the motion was harmless where counsel was unable to resolve or narrow the issue, and where the issue raised in the Motion to Remand – the court's subject matter jurisdiction – is one the court must consider regardless of whether it is properly raised by the parties. See 28 U.S.C. § 1446(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Accordingly, Belanger's request that the court "quash" the Motion to Remand [#5] is denied.

III.    Motion to Remand

Belanger filed her Notice of Removal [#1] pursuant to the procedure set forth in 28 U.S.C. § 1446(b). Assuming the removing party has complied with that procedure, the court looks to 28 U.S.C. § 1441 for the basis for the court's jurisdiction. In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" by the defendant to federal court. 28 U.S.C. § 1441(a). Belanger asserts that the

---

[1] The BBO's certificate explains that counsel had not understood Rule 7.1(a)(2) to be applicable to a motion to remand "which is in essence an opposition to a removal petition." Certificate of Compliance with Local Rule 7.1(a)(2) 1 [#7].

Information filed with the SJC for review of the BBO's recommendation regarding disciplinary proceedings constitutes a "civil action" over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal 3 [#1].

Under 28 U.S.C. § 1331, the court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The court looks to the plaintiff's cause of action to determine whether a case "arises under" Federal law. Franchise Tax Bd. Of State of Cal. V. Constr. Laborers Vacation Tr. For S. California, 463 U.S. 1, 10-11 (1983). Because "[f]ederal courts are courts of limited jurisdiction…[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Belanger has failed to meet this burden.

Belanger argues that this action "directly involves Board Members of Complainant Board of Bar Overseers having violated and continuing to violate federal laws—including but not limited to: 31 U.S.C. § 3802; 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985." Notice of Removal 4 [#1]. However, the Information filed with the SJC is a petition to review the BBO's recommendation, as the licensing authority for Massachusetts lawyers, for a disciplinary suspension. Motion to Remand 6-7 [#5] (citing S.J.C. Rule 4:01, § 5(3)(g)). The Information concerns "whether the respondent has violated the Massachusetts Rules of Professional Conduct and, if so, what the sanction should be." Id. at 7. It does not concern any of the federal statutes cited by Belanger. Allegations in Belanger's notice of removal that the BBO violated federal laws do not confer federal jurisdiction, for these allegations are purported defenses and not the BBO's cause of action. "[A] defense that raises a federal question is inadequate to confer federal jurisdiction." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986); see also Banco Popular de Puerto

Rico v. Ramirez, 280 F. Supp. 3d 316, 320 (D.P.R. 2017) ("Although Defendants allege in their notice of removal that Plaintiff violated federal laws related to foreclosure actions, this is 'inadequate to confer federal jurisdiction.'" (quoting Merrell Dow 478 U.S. at 808)).[2]

The BBO argues further that the matter is not a civil matter but, rather, "quasi-criminal" or "*sui generis*, neither civil nor criminal in character" such that this court has no jurisdiction. Motion to Remand 3-4 [#1] (quoting In re Ruffalo, 390 U.S. 544, 551 (1968) and Supreme Court of California v. Kinney, 2015 WL 3413232 at *5 (N. D. Cal. May 27, 2015)). The court agrees. Suspension of a license to practice law, like the federal disbarment at issue in In re Ruffalo, "is a punishment or penalty imposed on the lawyer." 390 U.S. 544, 550 (1968). State bar disciplinary proceedings, like federal disbarment proceedings, are similarly "adversary proceedings of a quasi-criminal nature." See id. at 551. As such, the instant matter is not properly removable under 28 U.S.C. § 1331 as a "civil action" and this court does not have jurisdiction. Cf. Alaska Bar Ass'n v. Dickerson, 240 F.Supp. 732, 734 (D. Alaska 1965) (remanding a disciplinary action back to the Alaska Bar Association Grievance Committee on the ground that it was not "a civil action within contemplation of the federal removal statute"); Colorado v. Ziankovich, 2019 WL 6907460 at *2 (D. Colo. December 19, 2019) (holding that attorney discipline proceedings are "within the exclusive jurisdiction of the Colorado Supreme Court" and "are not 'civil actions' subject to removal within the contemplation of 28 U.S.C. § 1441"); Supreme Court of California v. Kinney, 2015 WL 3413232 at *5 (N. D. Cal. May 27, 2015) (remanding a disciplinary proceeding to the Supreme Court of California because it was not a civil action and so was not removable to federal

---

[2] Similarly, Belanger's argument that the SJC cannot properly adjudicate her allegations that the BBO is biased against her as a *pro se* Respondent and that such bias has deprived her of due process under the federal Constitution does not confer original jurisdiction on this court. See Notice of Removal 5-7 [#1].

court "pursuant to the general removal statute"). This court, thus, has no subject matter jurisdiction over the removed action and must remand.[3]

IV.   Conclusion

For the foregoing reasons, Belanger's Motion to Quash [#6] is DENIED and the BBO's Motion to Remand [#5] is GRANTED. The clerk shall promptly mail a certified copy of this order of remand to the Massachusetts Supreme Judicial Court.

IT IS SO ORDERED.

Date:   April 10, 2020                                                               /s/ Indira Talwani
                                                                                                 United States District Judge

---

[3] Having found no basis for an exercise of jurisdiction, the court does not reach the BBO's argument that the court should abstain in deference to an ongoing state court process, Motion for Remand 8-11 [#5], or Belanger's contention that bad faith makes such abstention inappropriate. See Notice of Removal 6 [#1].